

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann
~~JENXXBERXIRUEPPERD~~
~~ATTORNEY GENERAL~~

Hon. Joe C. Gladney
Criminal District Attorney
Rusk County
Henderson, Texas

Attention: Mr. J. M. Burns
Opinion No. O-2228
Re: Validity of teachers' contracts not
signed by president of board and neces-
sity for the approval of minutes.

Dear Sir:

We are in receipt of your letter of April 13, 1940, requesting
an opinion of this department which reads as follows:

"A meeting of the board of trustees of an independent
school district, with less than five hundred scholastics,
was held on April 1, 1940, with all seven members of the
board present. During the meeting a motion was made and
seconded to elect four teachers for the next school year,
said teachers being named in the motion. Three of the board
members voted in favor of this motion, two opposed it, and
the chairman and one failed to vote either way. Before the
meeting adjourned, a motion was made that the minutes of the
meeting be approved before adjournment, but this motion met
with such opposition that the meeting adjourned without ap-
proving the minutes. About the 5th or 6th of April, the sec-
retary and three other members of the board met and signed
contracts with the above mentioned four teachers, said ac-
tion being taken without consulting the chairman and before
the minutes were approved. On April 6, the trustee election
was held and a majority of the board were defeated. Now, the
new members of the board have qualified and do not favor em-
ploying the four teachers above mentioned and do not intend
to ratify or approve the minutes of the meeting wherein they
were hired.

"The questions on which I desire an opinion from your
office are:

"1. Would the Chairman or President of the board's sig-
nature to the contracts be necessary to make the contracts
valid where the minutes have not been approved?

"2. Are the contracts of the above mentioned teachers
valid and binding wherein the minutes of the meeting in which
they were elected are not approved by the board and where a
majority of the school board have met and signed the con-
tracts?"

Please accept our thanks for the assistance furnished us by your opinion and citation of authorities.

Articles 2779, 2780 and 2781, Revised Civil Statutes 1925, provide for the organization of boards of trustees in independent school districts and the conduct of their business. It is provided that they shall choose a president, secretary and other officers and they are authorized to adopt such rules, regulations and by-laws as they may deem proper. Article 2781 expressly authorizes such board of trustees to employ teachers for the schools of the district for a term not to exceed three years.

We ruled in opinion No. O-237, a copy of which is enclosed herewith, that the action of a commissioners' court authorizing a contract was valid, where a quorum was present and the motion was carried by a majority of those voting, although two members were present and refused to vote. See also 46 C.J. 1381.

Under the general powers vested in boards of trustees for independent school districts, the president or other duly authorized officer may be, and frequently is, directed or authorized to finally execute a contract entered into by such body; however, we are not aware of any statute or rule of law which would require the president of the board of trustees of an independent school district to join in the execution of a teacher's contract, as a pre-requisite to its validity, where such contract was authorized by regular proceedings before the board, accepted by the teacher, and later signed by a majority of the other members of the board. The statutes authorize the board of trustees to enter into contracts of employment with teachers and its action does not depend upon the consent or signature of any particular member or officer of the board.

The following rule appears in 56 C.J. at p. 90, § 318:

"If the terms of the contract with a teacher are properly agreed upon at a regularly convened meeting of the school board, the parties may affix their signatures to the contract at some later time, and separately at different times and places, except where the statute is construed to require execution of the contract by members of the board at the board meeting."

Apparently there is no dispute as to what actually occurred at the meeting of the board when the teachers were elected, but the new members have refused to approve the minutes because they disapprove of the action taken at the previous meeting. The validity of such a contract regularly entered into does not depend upon a "ratification" of the contract by approving the minutes. The minutes, under the above facts, are but records of the proceedings of the board, and in the absence of such records proof of the actual facts may be supplied by parol. Such was our ruling in opinion No. O-2162, a copy of which is enclosed herewith. You do not specifically so state, but we think the inference may be reasonably drawn that the first attempt to approve the minutes was made before the secretary ever wrote them up and there was nothing to approve.

Your first question is answered in the negative, and your second in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
Cecil C. Cammack, Assistant

APPROVED APR 27, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

CCC:LM:wb
ENCLOSURES